IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC SCOTT BARKER,

                      Plaintiff,

v.                                                    CIVIL ACTION NO.  3:20-cv-00202

IRENE KEELEY,
U.S. District Court Judge, et al.,

                      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Complaint that was filed against United States District Court Judge Irene Keeley ("Judge Keeley"), the United States Attorney's Office of the Northern District of West Virginia, the United States Marshal Service of the Northern District of West Virginia, and United States Postal Inspector Gerhart. (ECF No. 1.) By an order entered in this case on November 6, 2020, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 7.) Magistrate Judge Aboulhosn entered his PF&R on November 19, 2020, recommending that this Court deny Plaintiff's Motion to Proceed in Forma Pauperis, dismiss Plaintiff's Complaint, and remove the matter from the court's docket. (ECF No. 10.) Plaintiff filed objections to the PF&R. (ECF Nos. 17-19.)

For the reasons discussed more fully herein, the Court **SUSTAINS** Plaintiff's objections pertaining to the special assessment and **OVERRULES** Plaintiff's remaining objections, (ECF

1

Nos. 17-19). The Court **ADOPTS** the PF&R, (ECF No. 10), subject to its findings and analysis herein; **DENIES** Plaintiff's Motion to Proceed in Forma Pauperis, (ECF No. 5), and **DISSMISSES** Plaintiff's Complaint, (ECF No. 1).

## I.   Background

A detailed recitation of the extensive facts of this action can be found in the Magistrate Judge's PF&R, (ECF No. 10), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

On October 19, 2020—Plaintiff filed his Complaint in the Northern District of West Virginia. (ECF No. 1.) In this Complaint, Plaintiff names the following four defendants: (1) Irene Keeley, United States District Court Judge; (2) U.S. Attorney's Office of the Northern District of West Virginia; (3) U.S. Marshals Service for the Northern District of West Virginia ("USMS"); and (4) Gerhart, U.S. Postal Inspector. (ECF No. 1.)

One month later, Magistrate Judge Aboulhosn entered his PF&R. (ECF No. 10.) The PF&R thoroughly analyzes each of Plaintiff's allegations and recommends the following: (1) that Plaintiff's claim against the United States Attorney's Office and the USMS be dismissed as they are improper parties to a *Bivens* action, (ECF No. 10 at 13-15); (2) that the claim against District Judge Keeley be dismissed pursuant to her judicial immunity, (ECF No. 10 at 16-17); (3) that, to the extent Plaintiff asserts a claim against individual Assistant United States Attorneys, it should be dismissed due to prosecutorial immunity, (ECF No. 10 at 17-21); (4) that Plaintiff failed to state a cognizable claim to challenge his conviction and sentence under *Bivens* pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), (ECF No. 10 at 21-22); (5) that Plaintiff's allegations that the

United States Attorney's Office and District Judge Keeley violated his Fourth Amendment rights based on the improper search that later led to the charges contained in Criminal Action No. 1:13-00018 should be dismissed as untimely, (ECF No. 10 at 22-26); and (6) that the allegations against Gerhart should be dismissed for failure to state a claim, (ECF No. 10 at 26-27).  The PF&R recommends that Plaintiff's Complaint be dismissed for failure to state a claim, (ECF No. 10). Plaintiff filed various objections to the PF&R on December 15th and 28th.[1]  (ECF Nos. 17-19.) The PF&R and Plaintiff's objections to the same are now ripe for review.

## II.   Legal Standard

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the

---

[1] Per the "prison mailbox rule", a *pro se* party's "legal papers are considered filed upon delivery to the prison authorities, not receipt of the clerk." *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (internal citations omitted).  Thus, while the clerk received Plaintiff's objections on December 15th and 28th—which is outside of the window to object to the PF&R—Plaintiff claims that he timely provided the objections to the woman in the prison who is responsible for legal mail on December 2, 2020, which is within the timeframe to file such objections.  (*See* ECF No. 22.) To date, no party has provided any evidence to refute Plaintiff's claim that he timely delivered his objections to the proper prison authority for mailing. Thus, this Court will treat the objections filed by Plaintiff as timely. Due to this finding, the Court **DENIES** Plaintiff's Motion for Extension of Time to Object to the PF&R, (ECF No. 16) as **MOOT**.

fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. Discussion

Although Plaintiff's filings titled "Evidence in Support of Objections to Findings and Recommendation", (ECF No. 18), and "Memorandum of Fact in Support of Ojections [sic] to Findings and Recommendations", (ECF No. 17), were received by the Clerk prior to the filing titled "Objections to Findings and Recommendations", (ECF No. 19)—it appears as though the two earlier filings are merely provided in support of the later filing and do not contain additional objections to the PF&R, (ECF Nos. 17, 18). Thus, the specific objections from the later filing, (ECF No. 19), will be addressed herein with reference to the supplemental filings as necessary to provide a full analysis.

Plaintiff makes a variety of objections, and many of Plaintiff's objections appear to revisit arguments made by Plaintiff during earlier stages of this proceeding or in prior cases on which this proceeding is at least partly premised.[2] (ECF No. 19.) In pertinent part, however, Plaintiff claims that he is not seeking redress through a *Bivens* action—but is, rather, seeking a restraining order against all named defendants that prohibits "the defendants from having any dealings with him whether on a professional or personal level." (ECF No. 19 at 2.)

This Court notes that pursuit of a *Bivens* action and an injunction are not mutually exclusive. A plaintiff may obtain injunctive relief (and/or monetary damages) through a *Bivens* action. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 404 (1971) (Harlan, J., concurring in the judgment) (discussing the "presumed availability of

---

[2] To the extent Plaintiff's objections are merely a rehash of his initial allegations, they will not be addressed herein.

federal equitable relief against threatened invasions of constitutional interests"); *see, e.g., Farmer v. Brennan,* 511 U.S. 825, 851, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (vacating the dismissal of a prisoner's *Bivens* action in which the prisoner sought injunctive relief); *Ross v. Meese*, 818 F.2d 1132, 1134-53 (4th Cir. 1987) (recognizing that, in a *Bivens* action, district courts have authority to "give a declaratory judgment as to whether constitutional rights were violated and if so order appropriate injunctive relief"); *Everett v. Francis*, No. 5:07-cv-135, 2009 WL 2971359 (N.D.W. Va. Sep. 16, 2009) (discussing circumstances where injunctive relief may be an available remedy in a *Bivens* action).

By way of background, a *Bivens* action is a judicially created remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens,* 403 U.S. at 395 –97; *see also Carlson v. Green,* 446 U.S. 14 1980) (extending *Bivens* to Eighth Amendment claims); *Davis v. Passman,* 442 U.S. 228, 239 n. 18 (1979) (extending *Bivens* to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983, and proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law. With this understanding, the Court will analyze Plaintiff's objections in turn below.

### A. Injunctive Relief[3]

---

[3] To the extent Plaintiff seeks an injunction outside of a *Bivens* action, this request fails as Plaintiff does not make the perquisite showing necessary for the issuance of a permanent injunction. To obtain a permanent injunction, a party "must prove four elements '[a]ccording to well-established principles of equity'":

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of

As previously noted, Plaintiff objects to the PF&R by asserting that he is only seeking injunctive relief—not monetary damages. (ECF No. 19 at 2.) In Plaintiff's initial request for relief, it was not clear whether he sought monetary damages *and* injunctive relief or merely injunctive relief. Thus, the PF&R examines Plaintiff's claims liberally and with the assumption that Plaintiff seeks both monetary damages and injunctive relief. However, Plaintiff's objections make clear that he is exclusively seeking injunctive relief. (ECF No. 19 at 2.) In fact, Plaintiff makes clear that he is "merely requesting an injunction prohibiting the defendants from having any dealings with him whether on a professional or personal level." *Id.* This is an important clarification as different protections are applicable in *Bivens* actions where a plaintiff is seeking monetary versus injunctive relief.

    1. *Claims for Injunctive Relief Against United States District Court Judge Irene Keeley and United States Postal Inspector Gerhart[4]*

"[T]he *Bivens* requirement that suits do not lie against federal officers in their official capacity contemplate claims for monetary relief, not injunctive relief." *Everett*, 2009 WL 2971359, at *4; *see Kirby v. City of Elizabeth City, N.C.,* 388 F.3d 440, n. 10 (4th Cir. 2004) (stating that injunctive relief sought by the plaintiff could only be awarded against officers in their official

---

    hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the
    public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also EQT Prod. Co. v. Wender*, 191 F.Supp.3d 583, 589 (S.D. W. Va. 2016) (quoting *eBay*). "Satisfying these four factors is a high bar," *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (citing and quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)). Without a showing of all four factors, the court should not order an injunction. Here, Plaintiff does not meet his burden of showing these elements, and, thus, no injunction against Defendants is warranted. In light of this finding, the Court **DENIES** Plaintiff's Motion for Ruling on Fed. R. Civ. P. 65, (ECF No. 26), as **MOOT**.
[4] To the extent Plaintiff's objections specifically pertain to AUSA Cogar—they will not be discussed herein as AUSA Cogar is not a named party in this case.

capacities); *Singletary v. Fallen*, 2012 WL 368375 (D.S.C. Jan. 17, 2012) (finding that sovereign immunity does not protect federal officials when injunctive relief rather than damages is sought).

Through a *Bivens* action, a plaintiff "may seek injunctive relief against a federal officer in his or her official capacity." *Saunders v. Johnson*, Civil Action No. 1:16-CV-10159, 2017 WL 9516556, at *5 (S.D.W. Va. July 24, 2017) (citing *Everett*, 2009 WL 2971359, at *4); *Community Mental Health Services of Belmont v. Metal Health & Recovery Bd.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("[A] plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the officials' job, i.e., his official capacity."). Thus, "[w]hile a suit for damages against a federal official in his or her official capacity is deemed a suit against the federal government or its agencies and is, therefore, barred by sovereign immunity, a suit for prospective equitable relief, however, is not so deemed and is, therefore, not barred by sovereign immunity." *Everett*, 2009 WL 2971359, at *4.

Accordingly, to the extent Plaintiff seeks injunctive relief against Judge Keeley and Defendant Gerhart in their official capacities, they are not protected by sovereign immunity. *Id.* However, Plaintiff's claims against Judge Keeley are otherwise barred by judicial immunity, and any claim seeking injunctive relief from Gerhart fails because none of the allegations against Gerhart articulate Gerhart's alleged participation in unconstitutional conduct.

Plaintiff merely claims Gerhart "stalks [Plaintiff] from institution to institution" by inquiring about Plaintiff's Inmate Trust Account and that Gerhart has wanted the Federal Bureau of Prisons staff to "keep a close eye" on Plaintiff. (ECF No. 1 at p. 7). Plaintiff claims that this has led to his mail being thoroughly searched and caused officers to routinely stare at Plaintiff suspiciously. (ECF No. 1 at p. 7). These allegations—even if fully proven—do not articulate

constitutional violations, and, thus, cannot be enjoined through a *Bivens* action.  Thus, any claim seeking injunctive relief against Gerhart must fail.

Similarly, all claims against Judge Keeley must fail as her actions are protected by judicial immunity.  "The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983, under certain conditions."  *King v. Myers*, 973 F.2d 354, 356 (4th Cor. 1992) (citing *Pierson v. Ray*, 386 U.S. 547 (1976)).  This absolute judicial immunity shields "judges from liability for damages for acts committed within their judicial jurisdiction"—even if such acts are done maliciously or corruptly.  *Pierson*, 386 U.S. at 554 (citing *Bradley v. Fisher*, 80 U.S. 335 (1872)); *see King*, 973 F.2d at 356.  Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Pierson*, 386 U.S. at 553-554 (citing *Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1869)).

The only carve-outs to this absolute judicial immunity are that this immunity does not extend to a judge's actions that are undertaken in the "clear absence of all jurisdiction" or if the judge's action is not a "judicial act." *Stump v. Sparkman*, 435 U.S. 349, 357-62 (1978) (citations omitted). In other words, "[n]o immunity is granted if 'there is clearly no jurisdiction over the subject-matter . . . [and] the want of jurisdiction is known to the judge[.]" *Id.* Moreover, an act is deemed a judicial act if "the function is one normally performed by a judge" and if "the parties dealt with the judge in his or her judicial capacity." *Id.* at 362.

8

Here, neither Plaintiff's Complaint nor his objections to the PF&R put forth allegations that Judge Keeley's actions in this case were undertaken in the clear absence of jurisdiction or do not qualify as a judicial action. Rather, Plaintiff accuses Judge Keeley of signing a proposed order, (ECF No. 1 at p. 2); executing a forfeiture order, (*id.* at pp. 2-3); rejecting a "Report and Recommendation" prepared by Magistrate Judge Aloi, (ECF No. 19 at p. 5); and presiding over a suppression hearing in which Plaintiff disagreed with the outcome of the hearing, (*id.* at p 5).[5] Quite clearly none of these averments fall within the carve-outs to absolute judicial immunity. Plaintiff is merely describing judicial actions taken by Judge Keeley within her jurisdiction as a district court judge, and—thus—Judge Keeley continues to be shielded by absolute judicial immunity.

Plaintiff, however, notes and objects to an issue relating to his $100 payment of the special assessment. (ECF No. 19 at pp. 7-8). The Court believes this particular objection warrants more analysis. Plaintiff states that the hearing transcript cited on pages 27 and 28 of the PF&R addresses "whether the fee had been paid in Case No. 1:16-cr-31"—not whether the special assessment fee had been paid in Criminal Action No. 1:13-00018, which is the case being discussed on page 28 of the PF&R. (ECF No. 19 at p. 8). In support of this assertion, Plaintiff submitted records to show that the special assessment in Criminal Action No. 1:16-00018 was, in fact, paid on July 10, 2014. (ECF No. 19 at p. 8; *see also* ECF No. 19-5). Thus, it appears as though any issue or question regarding an outstanding special assessment fee has been resolved, and the record now properly

---

[5] For the sake of completeness, the Court notes that Plaintiff's Complaint also accuses Judge Keeley of continuously encouraging government officials to harass and cause injury to Plaintiff. (ECF No. 1 at p. 4.) However, the Court is unable to locate any specific allegations or evidence to support this barebones accusation and, thus, does not include it in its analysis of specific allegations or objections to the PF&R.

reflects that this special assessment fee is no longer due and owing. Plaintiff's objection to the assertion a special assessment fee is still due in Criminal Action No. 1:16-00031 is **SUSTAINED**.[6]

Lastly, to the extent Plaintiff seeks injunctions against Judge Keeley and Defendant Gerhart in their personal capacities, there is simply no evidence that either of them interact or engage with Plaintiff on a personal level. Plaintiff's objections do not contain any facts or claims that he has any personal interactions with them. Thus, the Court sees no basis to impose an injunction on Judge Keeley or Defendant Gerhart in their personal capacities in relation to Plaintiff. *See Community Mental Health Services of Belmont v. Mental Health and Recovery Bd. Servicing Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("[A] plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity.").

Accordingly, the Court **OVERRULES** Plaintiff's objections that pertain to the PF&R finding no basis for injunctive relief against Judge Keeley or Defendant Gerhart and **SUSTAINS** Plaintiff's objections to the PF&R's analysis of the special assessment.

2. *Claims for Injunctive Relief Against the United States Attorney's Office and the U.S. Marshals Service for the Northern District of West Virginia*[7]

---

[6] The Court notes that this objection and this Court's sustaining of the same does not impact the Court's substantive analysis regarding Plaintiff's failure to state a claim upon which relief can be granted. This correction to the record is inconsequential to this Court's ultimate determination that Plaintiff's Complaint should be dismissed.

[7] To the extent Plaintiff now attempts to raise a request for injunctive relief against a specific U.S. Marshal or Assistant United States Attorney—this request must fail—and any objection related to the same must be overruled as such individuals are not named defendants in this lawsuit. However, even if Plaintiff named specific U.S. Marshals or Assistant United States Attorneys in his Complaint, those claims would fail. Any actions Plaintiff attributes to an Assistant United States Attorney in his Complaint or objections are barred by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009) (recognizing that a prosecutor is protected from suit by prosecutorial immunity when functionally acting as an "officer of the court"). Similarly, to the extent Plaintiff states allegations against a specific U.S. Marshal, the Court finds that such claims are barred by quasi-judicial immunity. *See Battle v. Morrison*, 139 F.3d 887 (4th Cir. 1998) ("Court clerk are also accorded derivate judicial absolute immunity when they act in obedience to a judicial order or under the court's direction.") (citations omitted); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (recognizing that absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the of the judicial officer who is immune"); *Dalton v. W. Va. Parole Board*, No. 2:08-cv-01217, 2009 WL 2762306, at *3 (S.D.W. Va.

The purpose of *Bivens* is "to deter individual federal officers from committing constitutional violations"—not federal agencies. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70–71 (2001) ("With respect to the alleged constitutional deprivation, his only remedy lies against the individual[.]"). Thus, while a plaintiff can sue a federal officer in his or her official capacity for injunctive relief to deter constitutional violations, a federal agency is not subject to such a suit. *See id.* at 62 ("*Bivens'* purpose is to deter individual federal officers, not the agency, from committing constitutional violations."); *see also Gary v. Gardner*, 445 F. App'x 465, 466-67 (3rd Cir. 2011) ("The Marshals service, as an agency of the United States, is 'shielded from private actions unless sovereign immunity has been waived.'") (internal citations omitted); *Holder v. U.S. Marshals Office*, 2016 WL 3919502, at * 2 (E.D.N.C. May 17, 2016) ("[T]he United States Marshals Service is not subject to liability under *Bivens* because it is immune from suit."); *Shipula v. Texas Dept. of Family Protective Services*, No. H-10-3688, 2011 WL 1882521, at *20 (S.D. Tex. May 17, 2011) ("[T]he Department of Justice and U.S. Attorney's Office are entitled to sovereign immunity against Plaintiff's claims."); *Deleston v. U.S. Department of Justice*, 2010 WL 6872295, at * 4 (D.S.C. March 15, 2010) (finding that neither the Department of Justice nor the United States Attorney's Office are proper parties under *Bivens*); *Green v. U.S. Marshal Services*, 2007 WL 840311, at * 4 (D.S.C. March 15, 2007) (recognizing that the claim against the United States Marshal Service should be dismissed due to the doctrine of sovereign immunity). When a plaintiff alleges an intentional violation of a constitutional right, such allegations are generally only

---

Aug. 25, 2009) (finding that the West Virginia Parole Board, as a quasi-judicial entity, is entitled to absolute judicial immunity from the plaintiff's suit for both damages and prospective, non-monetary relief); *Smith v. Miller*, No. 2:07-cv-00693, 2009 WL 2762271, at *5 (S.D.W. Va. Aug. 27, 2009) (finding that the U.S. Marshals who participated in the plaintiff's arrest and detention were immune from suit when acting via a facially valid warrant and carrying out the duties of their positions).

11

actionable (if at all), against an individual employee—not the United States or its agencies.[8] *Ray v. Pursell*, No. 2:14-cv-27457, 2017 WL 3707584, at *8–9. (S.D.W. Va. June 23, 2017).

In other words, the USAO and UMS are not subject to liability under *Bivens*—unless they waive sovereign immunity. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit); *Moore v. U.S. Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995) ("*Bivens*-type claims cannot be brought against federal agencies"); *Edwards v. Fifth Cir. Ct. of Appeals*, No. 3:02-CV-0976-D, 2003 WL 21500434 at *3 (N.D. Tex. April 23, 2003) (unpublished) ("Plaintiff can obtain no relief under *Bivens* against a federal court")); *Deleston*, 2010 WL 6872294, at *4; *Eddington v. U.S. Marshal Serv.*, No. CA 8:10-1108-RBH-BHH, 2010 WL 2622769, at *3 (unpublished) (D.S.C. May 27, 2010) (the "U.S. Marshals Service is a federal agency protected by sovereign immunity...") (citations omitted).

In the present matter, while Plaintiff's objections articulate that he is seeking an injunction against the USAO and USMS, he fails to provide any facts that would permit this Court to find that the USAO or USMS waived immunity for this claim. Accordingly, the Court **OVERRULES** Plaintiff's objections as they pertain to the PF&R finding no basis for injunctive relief against the USAO and USMS.

### IV. Conclusion

For the reasons discussed more fully herein, the Court **SUSTAINS** Plaintiff's objections pertaining to the special assessment and **OVERRULES** Plaintiff's remaining objections. (ECF

---

[8] "[T]he Untied States enjoys sovereign immunity unless Congress specifically waives it in a particular statute." *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Nos. 17-19). The Court **ADOPTS** the PF&R, (ECF No. 10), subject to its findings and analysis herein; **DENIES** Plaintiff's Motion to Proceed in Forma Pauperis, (ECF No. 5); and **DISMISSES** Plaintiff's Complaint for failure to state a claim, (ECF No. 1). In light of this ruling and findings herein, the Court **DENIES** Plaintiff's Motion for Extension of Time to Object to the PF&R, (ECF No. 16), and Plaintiff's Motion for Ruling on Fed. R. Civ. P. 65, (ECF No. 26), as **MOOT**. The Clerk is **DIRECTED** to remove this action from the Court's docket.

 **IT IS SO ORDERED**.

 The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

      ENTER:  September 29, 2021

      _____
      THOMAS E. JOHNSTON, CHIEF JUDGE